United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>BOWDRY & BOWDRY JANITORIAL LLC,<br><br>Defendant. | Case No. 18-cv-01702-MEJ<br><br>**ORDER RE: REQUEST TO SERVE SUMMONS AND COMPLAINT ON SECRETARY OF STATE**<br><br>Re: Dkt. No. 10 |

## INTRODUCTION

Plaintiffs seek an order allowing them to serve Defendant Bowdry & Bowdry Janitorial LLC by serving the California Secretary of State pursuant to California Corporations Code section 1702(a) and (d). Request, Dkt. No. 10 at ECF p.4. The Court finds this matter is suitable for disposition without oral argument. Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). The Court **DENIES** the request **WITHOUT PREJUDICE**.

## BACKGROUND

Defendant's registered agent for service of process is Owen Bowdry, located at 4 Glasgow, Hercules, California. Norris Decl. ¶ 2, Dkt. No. 10 at ECF pp.2-3; *id.*, Ex. A (entity detail for Bowdry & Bowdry). Yelp lists Defendant's address as 1201 Fitzgerald Avenue, San Francisco, California. *Id.* ¶ 3 & Ex. B.

Counsel for Plaintiffs, C. Todd Norris, declares "Plaintiffs' process server made numerous diligent attempts to serve Mr. Bowdry with the summons and complaint, both at the business address listed on Yelp, and at the address defendant designated for service of process with the

Secretary of State. Norris Decl. ¶ 6; *see* Affs., Dkt. No. 9. Mr. Norris is "informed and believe[s] that contact was made by at least one process server with someone fitting Mr. Bowdry's description on March 27, 2018, but that individual denied that anyone by that name could be found at the . . . address in Hercules, California." Norris Decl. ¶ 6. On June 12, 2018, Mr. Norris called the number listed on Defendant's Yelp page. *Id.* ¶ 7. A gentleman answered and identified himself as "Owen"; when Mr. Norris asked if he was speaking to Mr. Bowdry, the man answered, "yes." *Id.* Mr. Norris stated he represented Plaintiffs; he further explained they sought to secure an audit of his business records and had been attempting to serve him with a summons and complaint. *Id.* Mr. Owen stated he had not employed anyone that would be covered by the audit, he needed to get off the phone, and he would call Mr. Norris back. *Id.* Mr. Norris asked if he would confirm his current address; Mr. Owen ended the call. *Id.* Mr. Owen did not call Mr. Norris back. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) allows a plaintiff to serve an individual defendant under any method under "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Rule 4(h)(1)(A) allows service of process to domestic corporations "in the manner prescribed by Rule 4(e)(1)."

California Code of Civil Procedure 416.10 sets forth "four categories of individuals through whom a corporation may validly be served: (1) a designated agent for service of process, (2) enumerated officers and other authorized agents of the corporation, (3) a cashier or assistant cashier of a banking corporation, and (4) where the party attempting service cannot with reasonable diligence serve an individual in any other category, the Secretary of State as provided by Corporations Code section 1702." *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 303 (1998). As is relevant here, California Corporations Code section 1702(a) permits service on a corporation through the California Secretary of State "if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the

manner provided in," among others, California Code of Civil Procedure section 416.10(a), (b), or (c). "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State." Cal. Corp. Code § 1702(a).

**DISCUSSION**

Based on this record, the Court cannot find Plaintiffs have exercised reasonable diligence in attempting to serve Defendant.

The record shows that between March 21, 2018 and May 16, 2018, Plaintiffs made nine attempts to serve Mr. Bowdry at the Hercules and San Francisco addresses. *See* Affs. Mr. Norris successfully contacted Mr. Bowdry by telephone once. Norris Decl. ¶ 7. It does not appear Mr. Norris has attempted to call Mr. Bowdry again, and Mr. Norris does not offer any reason to believe he cannot do so or why such a call would not be productive.

California Code of Civil Procedure 416.10(b) also allows service on a corporation by delivering a copy of the summons "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." The Norris Declaration does not show Plaintiffs have diligently attempted to search for such officers. "An affidavit failing to demonstrate that a diligent search for officers as well as agents was performed is inadequate." *Viewtech, Inc. v. Skytech USA, Inc.*, 2007 WL 1429903, at *1 (S.D. Cal. May 14, 2007); *see Gambord v. Westside Gas, Inc.*, 2017 WL 2774408, at *3 (N.D. Cal. June 26, 2017) (allowing service upon California Secretary of State where plaintiff unsuccessfully attempted to serve defendant's CFO and agent, and "[n]o other heads or officers of the Westside Gas have been identified despite [plaintiff's] investigation"); *Verizon Cal. Inc. v. OnlineNIC Inc.*, 2008 WL 4279709, at *2 (N.D. Cal. Sept. 16, 2008) (denying application for order authorizing service upon the Secretary of State where plaintiffs did not attempt to serve defendant's CEO; "[p]laintiffs should investigate the whereabouts of [the CEO] to determine if service can be made upon him.").

Moreover, Mr. Norris found Defendant's San Francisco address via Yelp. Norris Decl. ¶ 3. According to the Affidavits of Due Diligence, this address is a residence. Affs. at ECF p.4.

3

It is unclear whether Plaintiffs possess a different address for Defendant, or whether Mr. Norris has attempted to find a different address using another search method. For instance, a Google search yielded a BOMA San Francisco listing for Bowdry & Bowdry Janitorial Services on Innes Avenue in San Francisco. While the Court cannot be certain this is the same party, it may provide a lead to help locate and serve Defendant.

For these reasons, Plaintiffs' Request is **DENIED WITHOUT PREJUDICE**. Plaintiffs may re-file a motion to serve the Secretary of State after exhausting all other available remedies and submitting a sworn affidavit and, if necessary, evidence to that effect.

**IT IS SO ORDERED.**

Dated: June 22, 2018

MARIA-ELENA JAMES
United States Magistrate Judge