United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>BOWDRY & BOWDRY JANITORIAL LLC,<br><br>Defendant. | Case No. 18-cv-01702-MEJ<br><br>**ORDER GRANTING SECOND REQUEST TO SERVE SUMMONS AND COMPLAINT ON SECRETARY OF STATE**<br><br>Re: Dkt. No. 14 |

## INTRODUCTION

Plaintiffs seek an order allowing them to serve Defendant Bowdry & Bowdry Janitorial LLC by serving the California Secretary of State pursuant to California Corporations Code section 1702(a) and (d). Request, ECF No. 14. For the reasons stated below, the Court **GRANTS** the request.

## BACKGROUND

On June 20, 2018, Plaintiffs filed a first Request to Serve Summons and Complaint on Secretary of State. ECF No. 10. As part of their request, Plaintiffs' counsel, C. Todd Norris, filed a declaration stating that he went to the California Secretary of State's website prior to filing this lawsuit and confirmed that Defendant's registered agent for service of process is Owen Bowdry, located at 4 Glasgow, Hercules, California. Norris Decl. ¶ 2, ECF No. 10; *id.*, Ex. A (entity detail for Bowdry & Bowdry). He also found Bowdry & Bowdry Janitorial at Yelp's website, listing a current address as 1201 Fitzgerald Avenue, San Francisco, California. *Id.* ¶ 3 & Ex. B. Mr. Norris stated that "Plaintiffs' process server made numerous diligent attempts to serve Mr.

1  Bowdry with the summons and complaint, both at the business address listed on Yelp, and at the
2  address defendant designated for service of process with the Secretary of State. Norris Decl. ¶ 6;
3  *see also* Affs., ECF No. 9. Mr. Norris is "informed and believe[s] that contact was made by at
4  least one process server with someone fitting Mr. Bowdry's description on March 27, 2018, but
5  that individual denied that anyone by that name could be found at the . . . address in Hercules,
6  California." Norris Decl. ¶ 6. On June 12, 2018, Mr. Norris called the number listed on
7  Defendant's Yelp page. *Id.* ¶ 7. A gentleman answered and identified himself as "Owen"; when
8  Mr. Norris asked if he was speaking to Mr. Bowdry, the man answered, "yes." *Id.* Mr. Norris
9  stated he represented Plaintiffs; he further explained they sought to secure an audit of his business
10 records and had been attempting to serve him with a summons and complaint. *Id.* Mr. Owen
11 stated he had not employed anyone that would be covered by the audit, he needed to get off the
12 phone, and he would call Mr. Norris back. *Id.* Mr. Norris asked if he would confirm his current
13 address; Mr. Owen ended the call. *Id.* Mr. Owen did not call Mr. Norris back. *Id.*

14 On June 22, 2018, the Court denied Plaintiffs' request, finding they had not exercised
15 reasonable diligence in attempting to serve Defendant. Order, ECF No. 11. The Court noted the
16 record showed that between March 21, 2018 and May 16, 2018, Plaintiffs made nine attempts to
17 serve Mr. Bowdry at the Hercules and San Francisco addresses, and that Mr. Norris successfully
18 contacted Mr. Bowdry by telephone once, yet had not attempted to call Mr. Bowdry again. *Id.* at
19 3. The Court also noted Mr. Norris did not offer any reason to believe he could not do so or why
20 such a call would not be productive. *Id.* Further, Plaintiffs had not shown they diligently
21 attempted to search for any officers, despite the provision of California Code of Civil Procedure
22 416.10(b), which permits service on a corporation by delivering a copy of the summons "[t]o the
23 president, chief executive officer, or other head of the corporation, a vice president, a secretary or
24 assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a
25 general manager, or a person authorized by the corporation to receive service of process." *Id.*
26 "An affidavit failing to demonstrate that a diligent search for officers as well as agents was
27 performed is inadequate." *Viewtech, Inc. v. Skytech USA, Inc.*, 2007 WL 1429903, at *1 (S.D.
28 Cal. May 14, 2007); *see Gambord v. Westside Gas, Inc.*, 2017 WL 2774408, at *3 (N.D. Cal. June

26, 2017) (allowing service upon California Secretary of State where plaintiff unsuccessfully attempted to serve defendant's CFO and agent, and "[n]o other heads or officers of the Westside Gas have been identified despite [plaintiff's] investigation"); *Verizon Cal. Inc. v. OnlineNIC Inc.*, 2008 WL 4279709, at *2 (N.D. Cal. Sept. 16, 2008) (denying application for order authorizing service upon the Secretary of State where plaintiffs did not attempt to serve defendant's CEO; "[p]laintiffs should investigate the whereabouts of [the CEO] to determine if service can be made upon him."). The Court permitted Plaintiffs the opportunity to re-file a motion to serve the Secretary of State after exhausting all other available remedies and submitting a sworn affidavit and, if necessary, evidence to that effect. Order at 4.

Plaintiffs filed their second request on August 6, 2018. ECF No. 14. Mr. Norris states that on June 26, 2018, his office mailed a copy of the summons and complaint, along with a waiver of service form, to both the 4 Glasgow address and the 1201 Fitzgerald Avenue addresses. Sec. Norris Decl. ¶ 4, ECF No. 14; *id.*, Ex. A (list of documents mailed). As of the date of Plaintiffs' second request, neither mailing had been returned to Mr. Norris's office, nor had they received a signed waiver from Mr. Bowdry. *Id.* Mr. Norris also states that on June 26, his assistant emailed a copy of the summons and complaint, along with a waiver to the company's email address: bowdryjanitorial@gmail.com, which is located on the Building Owners and Managers Association (BOMA) of San Francisco's website. Sec. Norris Decl. ¶ 5; Ex. B (assistant's email to Defendant). Mr. Norris states he confirmed this listing is in fact Defendant's listing. *Id.* The BOMA listing also provides the same telephone number at which Mr. Norris has talked with Mr. Bowdry on the telephone. Sec. Norris Decl. ¶ 5. Mr. Norris did not receive a response to his assistant's email. *Id.*

Plaintiffs also attempted service at the address provided on BOMA's website for defendant: 1474 Innes Avenue, San Francisco. *Id.* ¶ 6. This is a residential address as confirmed by photographs of this address provided by the process server. *Id.* Mr. Norris states this was also confirmed to be a good address for Mr. Bowdry "because a gentlemen [sic] who answered the door (but declined to provide his name) informed the process server that Mr. Bowdry was not there and did not know when he would return, but that his phone number is 415-261-4903, the

3

same phone number listed on the BOMA website." *Id.* Upon learning this from the process server, Mr. Norris's assistant instructed the process server to continue to attempt to serve Mr. Bowdry at that address and, if unable to serve Mr. Bowdry himself, to sub-serve the papers by leaving a set with whomever answered the door. *Id.* Mr. Norris states that no one came to the door at any of the numerous subsequent attempts to serve Mr. Bowdry at the Inness Avenue address. *Id.*; Ex. C (process server's Aff. of Due Diligence for the 1474 Inness Avenue address). The process server's affidavit indicates that the process server telephoned Mr. Bowdry on June 29 and that Mr. Bowdry claimed he was not going to be home for another week before he hung up on the process server. *Id.* The process server waited one week and attempted to serve Mr. Bowdry again on July 6, 7 and 8 without any success. *Id.* Mr. Norris states that other than the three addresses at which Plaintiffs have attempted service on Defendant, Plaintiffs are not aware of any other addresses at which service might possibly be accomplished. *Id.* ¶ 7.

Finally, Mr. Norris states that on June 22, 2018, he telephoned Mr. Bowdry and spoke to him again on the phone for one minute and fifteen seconds, "which was as long as I could keep him on the phone before he hung up on me, as he did the last time I telephoned him." *Id.* ¶ 8. Mr. Norris informed him who he was, reminded him of their prior call, and informed him that the court had requested that he make further efforts to serve him with the summons and complaint. *Id.* During this call, Mr. Norris requested twice that Mr. Bowdry provide him with his current address so that Plaintiffs could serve the summons and complaint on him. *Id.* Mr. Bowdry declined both times, and on the second time informed Mr. Norris that he thought this was a "prank" and then hung up. *Id.*

**LEGAL STANDARD**

Federal Rule of Civil Procedure 4(h)(1)(A) allows service of process to corporations and other business entities in the same ways permitted by Rule 4(e),[1] including all methods allowed by

---

[1] Federal Rule of Civil Procedure 4(e) provides: "Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

4

state law. California law allows for five basic methods of service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.* § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50.

Under California law, a court may also order under certain circumstances that service be made on a corporation by hand-delivery of process and the order authorizing such service to the Secretary of State. Cal. Corp. Code § 1702(a). Section 1702(a) provides:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 1702.

Based on California Corporation Code § 1702(a), the plaintiff must further show by affidavit that process against a domestic corporation cannot be served with reasonable diligence pursuant to California Code of Civil Procedure section 416.10 (service to agent for service of process or to the company's chief executive officers) and California Corporations Code section 1701 (hand-delivery of process to agent for service of process).

---

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ."

5

**DISCUSSION**

Because Plaintiffs seek to serve Bowdry & Bowdry Janitorial through the California Secretary of State, the Court must analyze whether the conditions set forth in California Corporation Code section 1702(a) have been satisfied, including the inability to effect service on the designated agent in the manner provided in California Code of Civil Procedure sections 415.10, 415.20(a), and 415.30(a); or upon the corporation in the manner provided in section 416.10 or 416.20(a).

With respect to section 415.10 (personal delivery), the Court notes that Plaintiffs tried to serve Defendant's agent, Owen Bowdry, multiple times over a period spanning January to June of 2018, at different addresses. Plaintiffs have attempted personal service at three different addresses and followed various leads to determine the correct address for Defendant. Plaintiffs thus have unsuccessfully tried to effect personal service on Bowdry & Bowdry Janitorial on numerous occasions pursuant to California Code of Civil Procedure section 415.10 despite reasonable diligence.

Turning to sections 415.20 (substitute service) and 415.30 (mail service), based on the history of unsuccessful attempts, Plaintiffs have also shown that Defendant may be evading service and the requisite addresses of Bowdry & Bowdry Janitorial cannot be confirmed. Moreover, substituted service (i.e., by leaving the summons and complaint with a person at the Innes Avenue address) would be ineffective because it appears to be a personal residence and not Defendant's business address. As such, service of process upon Defendant pursuant to California Codes of Civil Procedure sections 415.20 and 415.30 cannot be reasonably effected.

Based on the circumstances presented here, service on Defendant pursuant to California Codes of Civil Procedure section 416.10 also cannot be reasonably effected. Section 416.10 permits service of the summons on an agent for service of process or on heads of the corporation, vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager. As noted above, Plaintiffs have not been able to locate and serve Bowdry despite reasonable diligence. No other heads or officers of Bowdry & Bowdry Janitorial have been identified despite Plaintiffs' investigation. Accordingly, service pursuant to

6

section 416.10 would be similarly unavailing. California Codes of Civil Procedure section 416.20 provides a means to serve a summons on a corporation that has forfeited its charter, or right to do business, or has dissolved and thus does not appear to be applicable here.

Lastly, a motion for an order to serve a corporation pursuant to California Corporations Code section 1702(a) requires an affidavit stating that the corporation cannot be served with reasonable diligence. Plaintiffs have fulfilled this requirement by submitting a declaration along with the instant motion, showing that they have been reasonably diligent in trying to give Bowdry & Bowdry Janitorial actual notice of the pendency of the action.

## CONCLUSION

Considering Plaintiffs' inability to serve Bowdry & Bowdry Janitorial personally through its agent for service of process and other means set forth in California Corporation Code section 1702(a), Plaintiffs may serve Bowdry & Bowdry Janitorial by hand-delivering the summons and complaint and copies of the Court's orders to the California Secretary of State. *See* Cal. Corp. Code § 1702(a). "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State." *Id.*

**IT IS SO ORDERED.**

Dated: August 7, 2018

MARIA-ELENA JAMES
United States Magistrate Judge